JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

20 1352
KSM

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kirby Eldredge

**(b)** County of Residence of First Listed Plaintiff: Salem NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Drake P. Bearden, Jr., Costello & Mains, LLC
18000 Horizon Way, Ste 800, Mt. Laurel, NJ 08054, 856-727-9700

## DEFENDANTS
Harrah's Casino and Racetrack

County of Residence of First Listed Defendant: Chester PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans with Disabilities Act

Brief description of cause:
disability discrimination, perception of disability discrimination, and retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

MAR - 6 2020

DATE: 02/14/2020
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

KSM

20-CV-1352

20    1352

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 33 Briarwood Lane, Pittsgrove Twp., NJ 08318

Address of Defendant: 777 Harrah's Boulevard, Chester, PA 19013

Place of Accident, Incident or Transaction: 777 Harrah's Boulevard, Chester, PA 19013

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when Yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/14/2020     _____ (signature)     308035
                     *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights ☑
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
   *(Please specify):*

**B.  Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify):*
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
   *(Please specify):*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Drake P. Bearden, Jr., counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

MAR - 6 2020

DATE: 02/14/2020     _____ (signature)     308035
                     *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

KSM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **Kirby Eldredge** | : | CIVIL ACTION |
| v. | : | |
| Harrah's Casino and Racetrack | : | NO. **20 1352** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 2/14/20 | _____ | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 856 7279700 | 8567279797 | DBEARDEN@COSTELLOMAINS.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAR - 6 2020

KSM

**COSTELLO & MAINS, LLC**
By: Drake P. Bearden, Jr., Esquire
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIRBY ELDREDGE, | CIVIL ACTION |
| Plaintiff, | 20        1352 |
| vs. | DOCKET NO: |
| HARRAH'S CASINO AND RACETRACK, | |
| Defendants. | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Kirby Eldredge, residing in the State of New Jersey, by way of Complaint against the Defendants, says:

**Preliminary Statement**

This matter is opened to the Court pursuant to the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") alleging disability discrimination, perception of disability discrimination, and retaliation.

**Jurisdiction and Venue**

Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned statutory provisions.

Jurisdiction lies over the state law claims based on the principles of supplemental jurisdiction as codified at 28 U.S.C. § 1367.

1

The amount in controversy, exclusive of interest, fees and costs exceeds the sum of $100,000.00.

All claims herein arose within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve a Defendant who resides within the jurisdictional limits. Venue has accordingly been invoked pursuant to the dictates of 28 U.S.C. § 1391 (b) and (c).

Plaintiff exhausted her administrative remedies pursuant to the ADA and PHRA claims in that she filed a claim with the Equal Employment Opportunity Commission ("EEOC"), which was filed concurrently with the PHRC.

On January 9, 2020, Plaintiff was issued a Right to Sue Letter from the EEOC.

### Identification of Parties

1. Plaintiff Kirby Eldredge was, at all times relevant herein, a resident of the State of New Jersey, who previously worked for Defendant Harrah's Casino and Racetrack.

2. Defendant Harrah's Casino and Racetrack was, at all times relevant herein, a corporation registered and operating in the State of Pennsylvania, with offices located at 777 Harrah's Boulevard, Chester Pennsylvania 19013.

### General Allegations

3. Plaintiff began working for Defendant as a table's game dealer in or around January 2019.

4. Defendant terminated Plaintiff from her employment on or around August 15, 2019.

5. Plaintiff was injured at work on or about July 27, 2019.

6. In particular, Plaintiff fell at work and injured both her arm and her shoulder.

2

7. When the pit boss, Omar, saw Plaintiff was bleeding, he told Plaintiff to file an incident report.

8. Plaintiff wanted to work the following day; however, due to her injury, Plaintiff was having difficulty performing her job and left to go to the hospital.

9. Plaintiff was diagnosed with a neck sprain and cervical sprain.

10. Plaintiff was held out of work for the next two (2) days as a result of her disability.

11 Plaintiff provided medical information from her medical provider to the head table boss, Christina Herrera.

12. Plaintiff was schedule to return to work on August 2, 2019.

13. On or around August 1, 2019, Plaintiff spoke to the risk and safety management department employee, Martin Murray, regarding her return to work.

14. Plaintiff provided Murray with paperwork from the hospital regarding her disability.

15. Plaintiff returned to work as she was scheduled to on August 2, 2019.

16. On or around August 5, 2019, Plaintiff visited the working doctor as she was instructed to by Defendant.

17. The working doctor placed Plaintiff on work restrictions beginning August 6, 2019.

18. The restrictions included that Plaintiff was restricted from bending, reaching her right arm in any activities that involved her moving her hand above her right shoulder.

19. Plaintiff met with Murray the following day regarding the restrictions provided by the Defendant's working doctor.

20. Murray stated that as a result of Plaintiff's medical restrictions, Murray was placing Plaintiff in the income controlled department.

21. On or around August 7, 2019, a scheduler named Christine, left Plaintiff approximately 200 packets to pull staples out of and scan.

22. Plaintiff performed this tasked despite the fact that it caused Plaintiff to engage in physical activity that was outside of her restrictions, and caused pain to Plaintiff's injured arm and shoulder.

23. Plaintiff saw her doctor the following day.

24. Plaintiff's doctor ordered that Plaintiff not perform tasks where she would have to specifically pull out staples.

25. Plaintiff provided this information to Murray, and Plaintiff was no longer required to remove staples from large packets.

26. On or around August 8, 2019, Plaintiff spoke to Murray regarding her schedule.

27. At the time, Plaintiff's scheduled days off were Monday and Sunday.

28. However, Plaintiff suggested that perhaps she should move her days off to Monday and Tuesday since Sunday was one of the busiest days for Defendant.

29. Murray agreed that Plaintiff's days off would be moved from Sunday and Monday to Monday and Tuesday.

30. As a result of this change in schedule, Plaintiff worked Sunday, August 11, 2019.

31. Plaintiff was off Tuesday, August 13, 2019, as a result of the change in her schedule.

32. On that date, Plaintiff called Murray and stated that if she could not obtain childcare for Wednesday, August 14, 2019, she would not be able to work that day.

33. Plaintiff could not obtain childcare for that day, and as such, called out on August 14, 2019.

34. Plaintiff came to work the following day, August 15, 2019.

35. On that date, Christine approached Plaintiff and brought her to the office with two (2) members of upper management, Robert Barger and Lynn Tribuo.

36. Christine told Plaintiff that she was terminated for points as a result of Plaintiff calling out.

37. At the time of her termination, Plaintiff was performing her job up to expectations.

38. Plaintiff had in fact not exceeded the amount of points she was permitted, because Plaintiff's scheduled had changed as a result of her medical condition, and her conversation with Murray.

39. Plaintiff was "disabled" within the meaning of the ADA and PHRA.

40. In addition or in the alternative, Plaintiff was perceived a "disabled" by Defendant.

41. At the time Defendant terminated Plaintiff from her employment, Plaintiff was capable of performing all of the essential functions of his job with or without a reasonable accommodation.

42. A determinative or motivating factor in Defendant's decision to terminate Plaintiff was Plaintiff's disability.

43. In addition or in the alternative, a determinative and/or motivating factor in Defendant's decision to terminate Plaintiff was Defendant's perception that Plaintiff was disabled.

44. Plaintiff was further a member of a protected class as an individual who advanced her rights pursuant to the ADA and PHRA in making a request for an accommodation due to her disability.

45. Plaintiff was subjected to adverse employment actions including, but not limited to, being terminated as a result of making a request for an accommodation.

46. Plaintiff's membership in one or more of the protected groups set forth above was a determinative and/or motivating factor in the adverse employment actions taken against her.

47. Because the discrimination and retaliation was knowing, intentional and purposeful, punitive damages are warranted because the conduct was undertaken by members of upper management.

48. To the extent that there is any "mixed motive," Plaintiff need only show that a determinative and/or motivating factor in the conduct directed towards her was because of her membership in one or more of the protected groups set forth above.

49. As a result of the unlawful conduct outlined above, Plaintiff has been forced to suffer both economic and non-economic harm.

## COUNT I

### Disability Discrimination Under the ADA

50. Plaintiff hereby repeats and realleges paragraphs 1 through 49, as though fully set forth herein.

51. The conduct set forth above constitutes disability discrimination and is the responsibility of Defendant both in compensatory and punitive damages for the reasons set forth above.

6

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT II

### Discrimination Based on Perception of Disability Under the ADA

52. Plaintiff hereby repeats and realleges paragraphs 1 through 51, as though fully set forth herein.

53. Plaintiff was subjected to discrimination based on Defendants perception that she was disabled that had an adverse effect on her employment.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT III

### Retaliation Under the ADA

54. Plaintiff hereby repeats and realleges paragraphs 1 through 53 as though fully set forth herein.

55. Plaintiff engaged in protected activity under the ADA in that she made a request for a reasonable accommodation due to her disability.

7

56. As a result of Plaintiff' engaging in protected activity, she was subjected to adverse employment actions, including, but not limited to, being terminated from her employment

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT IV

### Disability Discrimination Under the PHRA

57. Plaintiff hereby repeats and realleges paragraphs 1 through 56, as though fully set forth herein.

58. The conduct set forth above constitutes disability discrimination and is the responsibility of Defendant both in compensatory and punitive damages for the reasons set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT V

### Discrimination Based on Perception of Disability Under the PHRA

59. Plaintiff hereby repeats and realleges paragraphs 1 through 58, as though fully set forth herein.

60. Plaintiff was subjected to discrimination based on Defendant's perception that she was disabled that had an adverse effect on her employment.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT VI

### Retaliation Under the PHRA

61. Plaintiff hereby repeats and realleges paragraphs 1 through 60, as though fully set forth herein.

62. Plaintiff engaged in protected activity under the PHRA in that she made a request for a reasonable accommodation due to her disability.

63. As a result in Plaintiff engaging in protected activity, she was subjected to adverse employment actions, including, but not limited to, being terminated from her employment.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys'

fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT VII

### Request for Equitable Relief

64. Plaintiff hereby repeats and realleges paragraphs 1 through 63, as though fully set forth herein.

65. Plaintiff requests the following equitable remedies and relief in this matter.

66. Plaintiff requests a declaration by this Court that the practices contested herein violate federal law or Pennsylvania law as set forth herein.

67. Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

68. To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

69. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

70. Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

71.	Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

72.	Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

By: _____
Drake P. Bearden, Jr.

Dated: February 14, 2020

## DEMAND FOR A TRIAL BY JURY

1. Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to *Rule* 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all counts in the above-captioned action.

COSTELLO & MAINS, LLC

By: _____
Drake P. Bearden, Jr.

## DESIGNATION OF TRIAL COUNSEL

Drake P. Bearden, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

COSTELLO & MAINS, LLC

By: _____
Drake P. Bearden, Jr.

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

COSTELLO & MAINS, LLC

By: _____
Drake P. Bearden, Jr.